863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Elton McGEE, Jr., Plaintiff-Appellant,
v.
William F. GRANT; Lewis E. Upchurch, Defendants-Appellees.
 No. 88-1842.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 John Elton McGee, Jr., moves to proceed in forma pauperis on appeal from the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). McGee claimed that his constitutional rights were violated when prison officials denied him a compassionate pass to attend his grandmother's funeral. The defendants are the warden and his administrative assistant. He requested monetary and injunctive relief. The district court dismissed the complaint as frivolous because plaintiff's claim did not implicate a constitutionally protected right. Even assuming that McGee had a liberty interest in a compassionate pass, the court decided that he did not state a claim for denial of procedural due process. McGee raises the same claim on appeal.
 
 
 3
 Upon consideration, we affirm the district court's dismissal of the complaint as frivolous as it appears that McGee could prove no set of facts which would entitle him to relief under 42 U.S.C. Sec. 1983. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). McGee failed to establish that he was deprived of a right secured by the federal Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). McGee did not state a claim under 42 U.S.C. Sec. 1983 because the decision of whether to issue a compassionate pass is not subject to audit under the due process clause, absent any state law that places substantive limitations upon official discretion. Cf. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (decision whether to transfer a prisoner is not subject to audit under the due process clause, absent any state law that places substantive limitations upon official discretion). Absent such a law, McGee did not have a protected liberty interest in obtaining a pass to leave prison. Cf. Olim v. Wakinekona, 461 U.S. 238, 249 (1983) (absent such a law, prisoner did not have a protected liberty interest in a transfer to another prison). McGee did not establish that Michigan prison regulations substantially limit the prison officials' discretion to issue compassionate passes. As a result, he did not show that Michigan created a protected liberty interest which prevented the defendants from exercising their discretion not to issue a pass to him. Thus, he did not state a claim which would entitle him to relief.
 
 
 4
 In addition, inmate grievance procedures are not constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a Sec. 1983 claim. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986). Furthermore, McGee has not alleged that state law created a liberty interest in the grievance procedure. Even if one were created, McGee would merely be expressing a due process interest in due process and not an interest in an underlying substantive right. See Olim, 461 U.S. at 250 ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.")
 
 
 5
 Accordingly, the motion to proceed in forma pauperis is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.