59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Duwayne Milford LAMB, Plaintiff-Appellant,
v.
Luella BURKE; Edward J. Kuty; Barbara Bock; Arum Milks,
Defendants-Appellees.
 No. 94-2196.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 Before: WELLFORD, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Duwayne Milford Lamb, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). The defendants will not be filing a brief in this case.
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Lamb sued prison officials and a correctional officer in their individual capacities. Lamb alleged that the defendants violated his due process rights by not allowing him to leave prison in order to attend his mother's funeral.
 
 
 3
 The district court summarily dismissed his complaint pursuant to 28 U.S.C. Sec. 1915(d), finding that Lamb had no constitutional or state-created liberty interest in attending his mother's funeral. On appeal, Lamb continues to argue the merits of his claim. In addition, he argues that the defendants violated his equal protection rights because one black prisoner where Lamb was incarcerated was permitted to attend his mother's funeral and another black prisoner was permitted to visit his mother in the hospital, yet Lamb, a white prisoner, was not given permission to attend his mother's funeral.
 
 
 4
 The district court's dismissal of Lamb's Sec. 1983 lawsuit pursuant to Sec. 1915(d) is reviewed on appeal under an abuse of discretion standard. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Lamb's case as frivolous under Sec. 1915(d) because Lamb was not deprived of a right secured by the federal Constitution or laws of the United States. Cf. Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992) (per curiam) (denial of furlough to prisoner implicates no liberty interest protected by the Fourteenth Amendment); see also McGee v. Grant, No. 88-1842, 1988 WL 131414, at * 1 (6th Cir. Dec. 9, 1988). Michigan laws and administrative rules do not contain mandatory language creating a constitutionally-protected liberty interest in an inmate attending a family member's funeral. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989).
 
 
 6
 Lastly, we note that, for the first time on appeal, Lamb raises an equal protection claim. Because Lamb did not first raise his equal protection claim in the district court, we will not address this claim for the first time on appeal; no exceptional circumstances apply that warrant the court's review of this claim. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.