**Qaid Rafeeq AZEEZ, Plaintiff,**

v.

**Richard W. DeROBERTIS, Warden and Melvin Allen, Inquiry Board Chairman, Defendants.**

**No. 81 C 7163.**

United States District Court,
N.D. Illinois, E.D.

Nov. 2, 1982.

Qaid Rafeeq Azeez, pro se.

Thomas A. Ioppolo, Asst. Atty. Gen., Sp. Litigation Div., Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION AND ORDER

NORDBERG, District Judge.

Plaintiff Qaid Rafeeq Azeez brings this *pro se* action pursuant to 42 U.S.C. § 1983 asserting the jurisdiction of the Court under 28 U.S.C. § 1343. Plaintiff alleges violations of his state and federal constitutional rights, and seeks compensatory and punitive damages along with the costs of this action from Richard W. DeRobertis, Chief Administrative Officer of the Stateville Correctional Center ("Stateville") and Melvin Allen, Chairman of the Institutional Inquiry Board ("Board") at Stateville. In addition, plaintiff seeks disposition of five grievances filed with the Board. Before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d), and cross-motions for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the defendants' motion to dismiss is granted, therefore rendering moot the motions for summary judgment.

Plaintiff, a prisoner assigned to Stateville since August 31, 1982, maintains that the defendants' failure to comply with the grievance procedure mandated by Illinois Department of Corrections Administrative

Regulation No. 845 ("A.R. 845")[1] violates his due process and equal protection rights as guaranteed by Articles I and V of the Illinois State Constitution, and the First and Fourteenth Amendments of the United States Constitution. Plaintiff alleges that he filed grievances on September 7, September 9, September 17, September 21, and October 8, 1981. The Board held a hearing on the first two grievances on September 25, 1981 and on the latter three on October 14, 1981. On October 21, 1981, plaintiff filed another grievance concerning the defendants' alleged failure to issue rulings on his grievances as provided for in A.R. 845. When, by November 23, 1981, defendants had failed to act on his grievances, plaintiff commenced this action.

Plaintiff's first contention is that the defendants violated his state constitutional rights. Section 1983, by its very terms, applies only to deprivations of federally protected rights. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Thus, it does not provide a remedy for deprivations of state protected rights. See Partee v. Lane, 528 F.Supp. 1254, 1264 (N.D.Ill.1981). For this reason, plaintiff's state constitutional claims do not state a claim for relief under § 1983. Likewise, his allegations of a violation of the Illinois Revised Statutes in conjunction with A.R. 845 do not give rise to a claim cognizable under § 1983.

Plaintiff's next contention is that defendants have violated his first amendment right to petition the government for a redress of grievances. The defendants' actions have not, however, barred plaintiff from seeking a remedy for his grievances. See Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). His ability to seek redress is underscored by his pro se invocation of the judicial process. Plaintiff therefore alleges no facts to support his claim that defendants have violated his first amendment right to petition for redress.

Plaintiff's third contention is that the defendants have violated his fourteenth

amendment due process rights. Under this theory, plaintiff contends that a liberty interest giving rise to due process protections springs from the Illinois statutes which created the prison grievance procedure. Shango v. Jurich, 681 F.2d 1091 (7th Cir.1982), rejects this theory. A liberty interest within the meaning of the fourteenth amendment is a substantive interest of the individual. Id. at 1101–02. Although state created procedural protections may be evidence of a parent substantive right, they do not in themselves trigger a protected liberty interest. Id. at 1102.

Illinois, by statute, has created a prison grievance procedure which entitles inmates to present their complaints to the prison officials. But the grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. Thus, the Board's failure to process plaintiff's grievances as required by A.R. 845 is not actionable under § 1983.

Plaintiff's final contention rests on equal protection grounds. In order to establish an equal protection violation, a plaintiff must show intentional or purposeful discrimination. See Bloomenthal v. Lavelle, 614 F.2d 1139, 1141 (7th Cir.1980). Purposeful discrimination implies that the decision-maker singled out a particular group for disparate treatment and "selected his course of action for the purpose of causing its adverse effects on the identifiable group." Shango v. Jurich, supra at 1104.

Even with the liberal construction accorded pro se pleadings under Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff has failed to demonstrate any invidious classification resulting from the Board's failure to act on his grievances in accordance with A.R. 845. He has not alleged any set of facts implying purposeful, intentional discrimination in the Board's processing of grievances. An in-

---

1. A.R. 845 is set out in full in Secret v. Brierton, 584 F.2d 823, 831–32 app. (7th Cir.1978).

consistency in prison management, without more, does not constitute a cognizable equal protection claim. *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944), because plaintiff has failed to allege any facts to support a finding that the prison officials had purposefully and intentionally discriminated against him in the processing of his grievances, his equal protection claim cannot stand.

Finding that the allegations of the complaint fail to state a claim upon which relief may be granted, the Court grants defendants' motion to dismiss and directs that judgment be entered in their favor.