638 F.Supp. 315 (1986)
Randy G. SPENCER, Plaintiff,
v.
Dick MOORE, et al., Defendants.
No. 86-363C(1).
United States District Court, E.D. Missouri, E.D.
July 18, 1986.
Randy G. Spencer, pro se.
*316 Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for defendants Moore, Bolin, Wyrick, Trickey, and Long.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that the motion of defendants to dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted be and is granted.
IT IS FURTHER ORDERED that plaintiff's motion to join an additional party as a plaintiff be and is denied.
On February 18, 1986, plaintiff Randy G. Spencer, an inmate in the Missouri Prison System, filed a complaint in this Court alleging violations of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Defendants subsequently moved to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6). This Court did not rule upon defendants' motion but ordered plaintiff to amend his complaint to allege the specific grievances and the actions taken with respect to these grievances. On May 27, 1986, plaintiff amended his complaint and moved to join an additional defendant. As amended, plaintiff's complaint alleges in detail 37 grievances, each of which was formally filed through the state inmate grievance procedure. Among other things, plaintiff's grievances include a failure to provide medical attention, poor television reception, the quality of shoes provided, the promptness of mail delivery, the enforcement of hair length regulations, and the handling of grievance procedures. Plaintiff does not challenge the substantive actions taken by the state with respect to these grievances; rather, plaintiff bases his due process claims upon defendants' handling of his filed grievances. In particular, plaintiff alleges that defendants failed to respond to his grievances within the time periods provided by the inmate grievance procedure.
The issue presented is whether plaintiff alleges a deprivation of constitutional rights actionable under § 1983. To state a § 1983 claim, a plaintiff must allege that defendants' actions were taken under color of state law and that these actions deprived plaintiff of a constitutional right. Parratt v. Taylor, 451 U.S. 527, 531-35, 101 S.Ct. 1908, 1910-13, 68 L.Ed.2d 420 (1981). In the context of a state prison system, an inmate grievance procedure is not constitutionally required. See United States ex rel. Wolfish v. Levi, 439 F.Supp. 114, 163 (S.D.N.Y.1977), aff'd sub nom, Wolfish v. Levi, 573 F.2d 118, rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447; O'Bryan v. County of Saganaw, 437 F.Supp. 582, 601 (E.D.Mich.1977). If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim. Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982).
The grievance mechanism of the Missouri Eastern Correctional Center is known as the Residence Grievance Procedure, No. 16.040 (August 1, 1981). Briefly, the grievance procedure permits inmates to present their complaints by filing a grievance form within thirty days from the date of the complaint. The procedure provides for three levels of review, ending with review by the director of the Division of Corrections. At each level of review, an investigation and report must be prepared within fifteen working days, unless at the final stage of review the complaint is referred to a citizen's advisory panel. The citizen's advisory panel must make its recommendation to the director of corrections within thirty days. Plaintiff alleges that prison officials did not comply with the time limits provided by the Residence Grievance Procedure. These allegations do not state a claim actionable under § 1983. 568 F.Supp. at 10.
Accordingly, defendants' motion to dismiss plaintiff's amended complaint is granted.
*317 Plaintiff moves to join a Frank H. Picon as a plaintiff. Apparently, Picon is another Missouri inmate with similar complaints regarding the grievance procedure. Plaintiff moves for joinder under Fed.R.Civ.P. 19.
Under Rule 19, the court shall join a party if
(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
Nothing on the record before the Court indicates that Picon must be joined to produce a just result. Furthermore, this Court finds that Picon should not be joined under Fed.R.Civ.P. 20 as well. Under Rule 20,
[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.
Here, the claims of Spencer and Picon do not arise out of the same or same series of occurrences. The actions taken by defendants respecting the inmates' grievances were actions taken with regard to the inmate as an individual. Because each grievance is treated individually, no common questions of fact arise. The inmates' causes of action do present a common question of law  whether or not they have stated a claim under § 1983. However, to the extent Picon shares this common question with Spencer, Picon's complaint would be dismissed for failure to state a claim. Therefore, plaintiff's motion for joinder is denied.