860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jaki Akai MAHAMMAD, Plaintiff-Appellant,
v.
Danny SERETT, Defendant-Appellee.
 No. 88-5396.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jaki Akai Mahammad brought this civil rights action under 42 U.S.C. Sec. 1983, claiming that the former grievance board chairman at Fort Pillow State Prison violated his constitutional rights by failing to respond to his grievances and by refusing to allow him to take college level courses. He requested monetary damages and injunctive relief. The district court granted the defendant's motion for judgment on the pleadings, deciding that Mahammad's claims did not implicate constitutionally protected rights and, thus, the complaint failed to state a claim for relief under 42 U.S.C. Sec. 1983. Mahammad raises the same arguments on appeal. In addition, he appealed the district court's order denying his motion for leave to amend his complaint to add certain pendent state claims.
 
 
 3
 Upon consideration, we affirm the district court's dismissal of the complaint. Mahammad's claims did not implicate constitutionally protected rights. First, inmate grievance procedures are not constitutionally required in state prison systems, therefore, the defendant's alleged failure to follow grievance procedures does not give rise to a Sec. 1983 claim. See Spencer v. Moore, 638 F.Supp. 315 (E.D.Mo.1986). Furthermore, plaintiff has not adequately alleged that state law created a liberty interest in the grievance procedure. Even if one were created, plaintiff would merely be expressing a due process interest in due process and not an interest in an underlying substantive right. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.")
 
 
 4
 There is also no constitutional right to vocational or educational programs in prisons, thus Mahammad's claim in this regard must also fail. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Garza v. Miller, 688 F.2d 480 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983).
 
 
 5
 Finally, the district court correctly denied plaintiff's motion to amend his complaint to include pendent state claims. The district court correctly dismissed Mahammad's complaint for failure to state a claim for relief under the federal civil rights statute. Thus, there was no reasonable basis for the court to exercise pendent jurisdiction over plaintiff's state claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 6
 Accordingly, the judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.