925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry FLOWERS, Plaintiff-Appellant,
v.
Arthur TATE, Jr., Supt., Jeff Mathew, Michael Leonard, Capt.
Adams, Lt. (NMN) Lansing, Danny Pfeifer, Clyde
Efaw, Defendants-Appellees.
 Nos. 90-3742, 90-3796.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Larry Flowers is an Ohio prisoner who appeals pro se from the dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983. Flowers's case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed in this case. Cf. Fed.R.App.P. 34(a).
 
 
 2
 Flowers alleged that the defendants had violated his constitutional rights by forcibly cutting his hair despite a religious exemption to the applicable prison regulation. Cf. Ohio Admin.Code Sec. 5120-9-25(F). He also alleged that he was punished unconstitutionally for refusing to obey an order to cut his hair and that he was denied due process of law when the defendants failed to take action on his grievance regarding that order. The district court dismissed Flowers's case on August 7, 1990, after finding that he had not stated a constitutional claim. Cf. Fed.R.Civ.P. 12(b)(6). It is from this judgment that Flowers now appeals.
 
 
 3
 Our de novo review of the pleadings shows that dismissal was appropriate because Flowers can prove no set of facts that would entitle him to relief. Flowers concedes that the language in Sec. 5120-9-25 does not create a protected liberty interest on its face. See Pollock v. Marshall, 845 F.2d 656, 657-59 (6th Cir.), cert. denied, 488 U.S. 987 (1988). However, he argues that the regulation creates "an option to confer a liberty interest through its exception" for sincerely held religious beliefs. As noted in Pollock, this exception provides that the limitations regarding an inmate's hair length "may be modified by the managing officer upon a showing by the inmate that a sincerely held belief of such inmate, deeply rooted in religion, conflicts with these limits." Ohio Admin.Code Sec. 5120-9-25(F). This permissive language is not sufficient to create a liberty interest that would be protected by due process. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989); Pollock, 845 F.2d at 659 (dicta). In addition, the pleadings do not indicate that the regulation was applied to Flowers in an unconstitutional manner. See Pollock, 845 F.2d at 659-62.
 
 
 4
 Flowers's due process claim regarding the punishment that he received for refusing an order to cut his hair is also without merit because the complaint indicates that he received an adequate hearing regarding this infraction. Moreover, Flowers's allegations that his hair was cut by force and that it was cut much shorter than regulation style are not sufficient to state a constitutional violation.
 
 
 5
 Finally, it is noted that Flowers does not have a constitutional right to an effective grievance procedure. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986). Therefore, the defendants' alleged failure to follow a certain grievance procedure does not give rise to a constitutional claim. See Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982).
 
 
 6
 Accordingly, it is hereby ORDERED that the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.