943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek A. FARMER, Plaintiff-Appellant,
v.
Richard P. SEITER, et al., Defendants-Appellees.
 No. 91-3186
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Derek A. Farmer is a pro se Ohio prisoner, who appeals the dismissal of a civil rights case that he had brought under 42 U.S.C. § 1983. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Farmer alleged that the defendants violated his fourth amendment rights when he was choked by a guard during a search and that he was subsequently disciplined in violation of due process. On January 22, 1991, the district court adopted a magistrate's report and dismissed the case. It is from this judgment that Farmer now appeals.
 
 
 4
 Farmer argues that defendant Wagoner violated his right to be free from unreasonable searches and seizures and to be afforded due process of law by choking him. In Graham v. Connor, 490 U.S. 386, 394 (1989), the court held that the fourth amendment's reasonableness standard applied to an excessive force claim that arose from the arrest of a free person. The defendants argue that the eighth rather than the fourth amendment applies, when an excessive force claim involves the search of a prisoner because a prisoner has already been "seized" by virtue of his incarceration. The following language from Graham is relevant to the arguments of both parties:
 
 
 5
 Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today. It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. See Bell v. Wolfish, 441 U.S. 520, 535-39 (1979). After conviction, the Eighth Amendment "serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified." Whitley v. Albers, 475 U.S., at 327. Any protection that "substantive due process" affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment. Ibid.
 
 
 6
 Id. at 395 n. 10. We hold that this language strongly supports the application of an eighth amendment standard to excessive force claims that involve convicted prisoners, even if those claims arise from a search. A prisoner must prove deliberate indifference when he is allegedly assaulted by a guard without provocation. It would be anomalous to reduce the prisoner's burden of proof when a guard's actions arise from a potentially valid search.
 
 
 7
 In the instant case, Farmer correctly notes that the allegations in his complaint do not support the magistrate's findings that Wagoner was searching for contraband alcohol or that there was a disturbance. However, Farmer concedes that Wagoner's actions were taken pursuant to a search. Thus, Wagoner's use of force on Farmer arose from his pursuit of a valid penological or institutional goal. Moreover, Farmer admits that Wagoner stopped choking him as soon as Farmer resisted and that he suffered little or no actual injury. These admissions are sufficient to show that Wagoner did not act with deliberate indifference. Cf. Parrish v. Johnson, 800 F.2d 600, 604-605 (6th Cir.1986).
 
 
 8
 Farmer's other claims also lack merit. His first amendment claim is not actionable because there is no indication that Farmer was impeded in his access to the courts. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Farmer's allegation that the defendants did not investigate the incident properly fails because they are not constitutionally required to implement a grievance procedure on his behalf. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986). Farmer's claim that the defendants falsified his conduct report is not actionable in the absence of retaliation. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Moreover, Farmer's complaint does not indicate that his disciplinary hearing failed to meet the due process standards that were announced in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974), even though the defendants allegedly failed to advise Farmer that the charges against him had been amended. In this regard, we note that Farmer was not found guilty of these charges.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Muchigan, sitting by designation