**Jay B. BROWN, Jr., Plaintiff,**

v.

**G.P. DODSON, et als., Defendants.**

**Civ. A. No. 94–0426–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

June 2, 1994.

Jay B. Brown, Jr., pro se.

## MEMORANDUM OPINION

TURK, District Judge.

■ JAY B. BROWN, JR., a Virginia inmate proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that defendants have not been following prison grievance procedures in responding to his grievances at Keen Mountain Correctional Center. He seeks injunctive relief to correct the problem and receive proper responses to his grievances.

Upon consideration of the complaint and affidavit of poverty accompanying the complaint, the court is of the opinion that the complaint should be filed *in forma pauperis* and that the action should be dismissed as frivolous under 28 U.S.C. § 1915(d). A complaint filed *in forma pauperis* may be dismissed under this section if it is based on "indisputably meritless legal theories" or "clearly baseless" factual contentions. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Inmates do not have a constitutionally protected right to a grievance procedure. *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991). Because a state grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the state's grievance procedure is not action-able under § 1983. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988), *cert. denied,* 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); *Azeez v. DeRobertis,* 568 F.Supp. 8, 9–11 (N.D.Ill.1982). Moreover, because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts. *Flick, supra.*

Under these principles, it is clear that plaintiff's allegations do not state a claim that he has been deprived of constitutional rights. *Id.* Even assuming defendants have violated state grievance procedures as alleged, such actions do not state a claim actionable under § 1983. *Mann* and *West, supra.* Accordingly, plaintiff's complaint shall be dismissed, pursuant to § 1915(d). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.