42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Minor MOODY, Plaintiff-Appellant,
v.
Joe MARTINEZ, et al., Defendant-Appellee.
 No. 93-16120.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided Nov. 17, 1994.
 
 Before: LAY,** PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Minor Moody files this pro se appeal from the district court's dismissal of his 42 U.S.C. Sec. 1983 claim brought against Joe Martinez and other named officials of the Arizona Department of Corrections. Moody is a state prisoner confined in a facility in Florence, Arizona. He brought this action claiming the defendants violated his civil rights by allegedly destroying or losing his grievance documents. In his amended complaint, he specifically alleged the following:
 
 
 3
 Documents has [sic] been destroyed by Staff members at South Unit that violate his farther [sic] proceeding due to thier [sic] Grievance procedures. Hereby he is seeking relief to be granted for their harressment [sic] for compensation.
 
 
 4
 He suggests he originally filed the grievances because prison officials have illegally studied him, disturbed him, practiced intimidation, and attempted to "steal his soul."
 
 
 5
 The district court granted defendants' motion for a judgment on the pleadings, concluding their alleged failure to follow grievance procedures is not a constitutional violation. The court stated "inmate grievance procedures are not constitutionally required in state prison systems." On appeal, Moody continues to contend his due process rights were violated. In addition, his informal brief raises a number of new arguments, including an equal protection claim, discussed for the first time on appeal.
 
 
 6
 We have reviewed the briefs and the district court's order. We are satisfied the district court properly dismissed Moody's claim. The district court relied on an unpublished Fourth Circuit opinion and three district court opinions to support its holding that prison officials' failure to follow a grievance procedure does not give rise to a Sec. 1983 claim.[1] This Court has previously drawn the same conclusion, stating "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).[2] Moody therefore has no constitutional entitlement to Arizona's grievance procedures. The defendants' disregard for these procedures, or their mishandling of his grievance documents, creates no actionable Sec. 1983 claim.[3]
 
 
 7
 Moody appears to discuss, for the first time in this appeal, equal protection and a number of other arguments. Whether he is actually raising new claims or theories is unclear. Nevertheless, we decline to consider these claims because they were not properly raised before the district court. See Benigni v. City of Hemet, 879 F.2d 473, 477 (9th Cir.1988) (declining to hear a constitutional claim not properly presented to the trial court or preserved for appeal); Fluery v. Harper & Row, Publishers, Inc., 698 F.2d 1022, 1029 (9th Cir.) (same), cert. denied, 464 U.S. 846 (1983). Thus, the district court's dismissal of Moody's Sec. 1983 claim is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Doans v. Rice, 831 F.2d 1057, No. 87-7244 (4th Cir. Oct. 15, 1987) (unpublished opinion); Spencer v. Moore, 638 F.Supp. 315 (E.D.Mo.1986); Watts v. Morgan, 572 F.Supp. 1385 (N.D.Ill.1982); Azeez v. DeRobertis, 568 F.Supp. 8 (N.D.Ill.1982)
 
 
 [2]
 We declared this rule in an order denying rehearing. The district court mentioned our earlier disposition of Mann, in which we held a state's failure to voluntarily submit inmate grievance procedures for certification, under 42 U.S.C. Sec. 1997e, does not give a prisoner a cause of action. See 846 F.2d 589, 590 (9th Cir.), reh'g denied, 855 F.2d 639, cert. denied, 488 U.S. 898 (1988). In denying rehearing, however, we addressed the constitutional question of whether a prisoner has an entitlement to a state grievance procedure. 855 F.2d at 640. The latter decision is therefore dispositive in this context
 
 
 [3]
 The Supreme Court has declared that "a State creates a protected liberty interest by placing substantive limitations on official discretion." Olin v. Wakinekona, 461 U.S. 238, 249 (1983). We find that Moody's claims, however, contain no actionable allegation of such substantive limits or protected rights