USCA1 Opinion

 

 February 3, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1641 RICHARD LEAVITT, Plaintiff, Appellant, v. DONALD L. ALLEN, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Richard Leavitt on brief pro se. _______________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Richard ____________ Leavitt filed a pro se complaint in the District Court for ___ __ the District of Maine against the Maine Department of Corrections, the Maine State Prison, and twelve prison officials and guards. The complaint alleged that on November 15, 1993, Leavitt, while watching a prison basketball game, made an unspecified remark to another inmate concerning one of the basketball players (in a later filing, Leavitt stated that the remark was, "Two babies for that foul, they're in the bonus"). Defendant Woodbury, a prison guard, confronted Leavitt about the remark, became angry and physically removed Leavitt from the area, grabbing, pushing, and shoving him. Woodbury filed a disciplinary report charging Leavitt with provocation and disorderly behavior and took Leavitt to the administrative segregation area, where he was subsequently housed for 24 days. Leavitt then filed a grievance against Woodbury under the prison grievance procedure, alleging that Woodbury pushed, grabbed, and shoved him. Woodbury then filed a second disciplinary report against Leavitt, charging him with lying in the grievance filing. Following a hearing on the two disciplinary charges against Leavitt, Leavitt was found guilty on all charges. He was punished with, apparently, a total of 40 days of punitive segregation and 40 days' loss of good time credits, with all -3- of it suspended except for a loss of ten days of good time credits. All of Leavitt's appeals were denied. According to the complaint, prison officials failed to adequately investigate Leavitt's grievance against Woodbury. The grievance was apparently dismissed. Later, on January 10, 1994, defendant Gallant, a prison guard, allegedly insulted Leavitt and told Leavitt to leave the gymnasium area, without any provocation. Leavitt filed a grievance against Gallant. According to Leavitt, the grievance was not fully investigated. Ultimately, however, Gallant was given a verbal reprimand. In his complaint, Leavitt sought damages from defendants, and an injunction ordering them to cease and desist from violating his constitutional rights, under 42 U.S.C. 1983. Specifically, he alleged that he was denied due process and equal protection in the prison disciplinary procedure; that his Eighth Amendment rights were violated by the loss of good time credits as a result of that procedure; that his First Amendment rights were violated by being disciplined for his unspecified remark at the basketball game; that his due process and Sixth Amendment rights were violated by the prison's failure to adequately follow its grievance procedure regarding his grievances; that his due process rights were violated by being brought to administrative segregation without explanation, and being -4- kept there for 24 days without a hearing or other administrative procedure; that his constitutional rights were violated by defamatory statements made about him by defendants Woodbury and Gallant; and that his Eighth Amendment rights were violated when he was assaulted by defendants Woodbury and Gallant and kept in administrative segregation despite a risk of physical harm from other inmates. A magistrate judge recommended that Leavitt's complaint be dismissed as frivolous under 28 U.S.C. 1915(d). The district court adopted the magistrate judge's report and dismissed the complaint. We agree that most of Leavitt's complaint was properly dismissed under 1915(d) because the legal theory underlying Leavitt's claims was indisputably meritless. To begin with, assuming Leavitt had a liberty interest in his disciplinary hearing, his own allegations show that due process was accorded him. Leavitt was entitled to "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense." Superintendent v. Hill, 472 U.S. 445, 454 (1985). ______________ ____ He was entitled to be given an explanation, either contemporaneously or subsequently, for any denial of this opportunity. Ponte v. Real, 471 U.S. 491, 497 (1985).  _____ ____ -5- Leavitt acknowledges that his witnesses were permitted to make statements to the disciplinary board regarding the first disciplinary report (charging provocation and disorderly behavior). When the disciplinary board moved on to the second disciplinary report (charging that Leavitt lied in filing his grievance against Woodbury), Leavitt alleges that his request to present three of his witnesses was denied "without explanation, other than they were not eyewitnesses to the actual act of writing the grievance, but did witness the actions in the gymnasium." In other words, Leavitt does acknowledge that the board, having just heard his witnesses in connection with the first report, gave a reason for declining to hear them again. Since this reason was clearly not arbitrary, we find it constitutionally adequate. See id.  ______ By the same token, there is nothing in the complaint to suggest that Leavitt could, by amendment, add adequate allegations that this disciplinary procedure violated his Eighth Amendment rights or his right to equal protection of the laws. As for Leavitt's charges of defamation, defamation alone does not state a cause of action under 1983. Paul v. ____ Davis, 424 U.S. 693, 701-10 (1976). As long as procedural _____ due process is afforded the inmate in the prison disciplinary hearing, and no substantive constitutional rights are -6- implicated, a prison inmate cannot bring a 1983 action for defamation against prison officials on the ground that charges resolved against the inmate in prison disciplinary proceedings were false and defamatory. See Franco v. Kelly, __________ _____ 854 F.2d 584, 587-88 (2nd Cir. 1988). The due process clause does not, in and of itself, confer upon an inmate a right to pursue grievance proceedings against prison officials. Mann v. Adams, 855 F.2d 639, 640 ____ _____ (9th Cir. 1988). Furthermore, prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures. Azeez v. DeRobertis, 568 F.Supp. 8, 10 _____ __________ (N.D.Ill. 1982); see generally Shango v. Jurich, 681 F.2d _____________________ ______ 1091 (7th Cir. 1982). Accordingly, Leavitt's allegations that certain defendants failed to properly investigate his grievances cannot support a constitutional claim. Leavitt's allegations of excessive force against defendant Woodbury are limited to the charge that Woodbury shoved, pushed, and grabbed him. Against defendant Gallant, Leavitt's allegations are limited to verbal abuse. These allegations are therefore de minimis and cannot provide a basis for a 1983 claim. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." -7- Hudson v. McMillian, 503 U.S. 1, 15 (1992) (quoting Johnson ______ _________ _______ v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 _____ ____________ U.S. 1033 (1973)). Leavitt's allegation that his due process rights were violated by being brought to administrative segregation without explanation is fatally defective. Even if a liberty interest was implicated by Leavitt's placement in segregation, all that due process requires is that an informal administrative procedure "occur within a reasonable time following an inmate's transfer." Hewitt v. Helms, 459 ______ _____ U.S. 460, 476 n.8 (1982). Leavitt was not entitled to any procedure before, or contemporaneous with, his transfer. Finally, Leavitt's allegation that his First Amendment rights were violated by discipline for his statement at the basketball game was properly dismissed. This statement, again, has been found by a prison disciplinary board to constitute provocative and disorderly conduct. An inmate has no First Amendment right to make statements reasonably judged by prison authorities to constitute attempts to provoke other inmates. See Ustrak v. __________ Fairman, 781 F.2d 573, 580 (7th Cir.), cert. denied, 479 U.S. _______ ____________ 824 (1986). Leavitt did make two allegations, however, which were not premised on indisputably meritless legal theories. Although Leavitt's allegations may have lacked sufficient -8- detail to state constitutional claims which could survive a Rule 12(b)(6) motion to dismiss, any such problem could conceivably be cured by more specific factual allegations. See Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990). __________ ____ The first of these is Leavitt's claim that his due process rights were violated by being held in administrative segregation for 24 days without "a hearing or administrative procedure regarding the movement to the segregation unit in violation of the procedures, rules and regulations of the Maine State Prison." Although the due process clause does not, in and of itself, confer upon a prisoner a liberty interest in being held in the general prison population, Hewitt v. Helms, 459 U.S. 460, 467-68 (1983), state laws or ______ _____ regulations may create a protected liberty interest if, by setting forth "explicitly mandatory language" and "specified substantive predicates," Kentucky Dep't of Corrections v. _______________________________ Thompson, 490 U.S. 454, 463 (1989), they "plac[e] substantive ________ limitations on official discretion," Olim v. Wakinekona, 461 ____ __________ U.S. 238, 249 (1983). Leavitt's complaint does not specify what prison regulations should be thought to confer a liberty interest, but certainly he might do so if given the opportunity to amend his complaint. If he did have a liberty interest in his placement in administrative segregation, then his allegation that he was maintained there for 24 days without any procedure would appear adequate to state a claim -9- of a due process violation. See Hewitt, supra, 459 U.S. at __________ _____ 472, 476-77. Finally, the Eighth Amendment is violated where prison officials act with deliberate indifference to a strong and palpable risk of physical harm to an inmate at the hands of other prisoners. Purvis v. Ponte, 929 F.2d 822, 825 (1st ______ _____ Cir. 1991). All that Leavitt has alleged, to be sure, is that his "safety was threatened" during his time in segregation, and that it was "an environment where his safety was in danger at all times." Again, however, these conclusory allegations are not based on an indisputably deficient legal theory not conceivably curable by amendment. Accordingly, we remand this case to the district court for further proceedings. As a result of this opinion, Leavitt is now on notice that in order to state constitutional claims he cannot rest on vague, conclusory allegations, but rather must set forth factual allegations supporting the material elements of his claims. Gooley v. ______ Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. 1988). On ______________ remand, therefore, Leavitt should amend his complaint. The judgment of the district court is vacated, and _______ the case is remanded for further proceedings not inconsistent ________ with this opinion. -10-