# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE

## WASHSHUKRU AL-JABBAR A'LA, v. CHRISTINE BRADLEY, ET AL.

**Direct Appeal from the Circuit Court for Morgan County**
**No. 5589     Hon. Russell Simmons, Judge**

---

### No. E1999-01291-COA-R3-CV - Decided May 4, 2000

---

Plaintiff, an inmate in Brushy Mountain State Penitentiary, appeals the Trial Court's dismissal of his civil suit for damages allegedly incurred as a result of the "capricious, arbitrary and unjust" operation of the Inmate Grievance Procedure, for "malfeasance", and for "civil rights intimidation." The Trial Court found that (1) the doctrine of *res judicata* prevents Plaintiff's suit on one of his alleged claims because judgment has been entered in the United States District Court for the Eastern District of Tennessee on that claim; (2) all of Plaintiff's allegations are conclusory except for that one claim already resolved, and, therefore, do not state a claim upon which relief can be granted; (3) with respect to Plaintiff's procedural due process claim, Plaintiff does not have a liberty interest in the Tennessee Department of Correction grievance policy, and, therefore, that allegation fails to state a claim upon which relief can be granted. Plaintiff's Statement of Issues in this appeal alleges abuse of discretion by the Trial Court "by dismissing his civil rights claims" and cites Tenn. Code Ann. §§ 4-21-701, 4-21-702 and 4-21-801. Construing Plaintiff's pro se appeal liberally, we deem it as challenging all three bases upon which the Trial Court dismissed his Complaint. For the reasons herein stated, we affirm the Judgment of the Trial Court.

**TENN. R. APP. 3; JUDGMENT OF THE CIRCUIT COURT AFFIRMED**

SWINEY, J., delivered the opinion of the court, in which GODDARD, P.J., and FRANKS, J., joined.

Washshukru Al-Jabbar A'La, Pro Se.

Paul G. Summers, Michael E. Moore and Rae Oliver, Nashville, for the Attorney General.

## OPINION

### Background

Washshukru Al-Jabbar A'La ("Plaintiff"), an inmate in Brushy Mountain State Penitentiary, appeals the Trial Court's dismissal of his civil suit for damages allegedly incurred as a result of the "capricious, arbitrary and unjust" operation of the Inmate Grievance Procedure, for

"malfeasance" and for "civil rights intimidation." The Trial Court found that (1) the doctrine of *res judicata* prevents Plaintiff's suit on one of his alleged claims since judgment has been entered on that claim in the United States District Court for the Eastern District of Tennessee; (2) all of Plaintiff's allegations are conclusory except for that one already resolved, and, therefore, do not state a claim upon which relief can be granted; (3) with respect to Plaintiff's procedural due process claim, Plaintiff does not have a liberty interest in the Tennessee Department of Correction grievance policy, and, therefore, that allegation fails to state a claim upon which relief can be granted. Plaintiff's Statement of Issues in this appeal alleges abuse of discretion by the Trial Court "by dismissing his civil rights claims." Plaintiff cites Tenn. Code Ann. §§ 4-21-701, 4-21-702 and 4-21-801. Construing Plaintiff's pro se appeal liberally, we deem it as challenging all three bases upon which the Trial Court dismissed his Complaint, and we have reviewed the record in that light.

Plaintiff is incarcerated in the High Security Annex at Brushy Mountain State Penitentiary and is subject to the Tennessee Department of Corrections' Grievance Program whereby a prison inmate may file a grievance and obtain an investigation by a counselor, a written response, and an in-house hearing of his grievance.[1] Plaintiff has filed numerous grievances. In this suit he complains that the procedure and/or result of the Inmate Grievance Program in 17 of those grievances was "capricious, arbitrary and unjust." He lists the grievances which form the basis of his complaint as being Grievance Nos. 6103, 6104, 6105, 6106, 6107, 6108, 6187, 6208, 6222, 6224, 6226, 6231, 6234, 6342, 6343, 6380 and 6399. Owing to the general, albeit prolix, nature of his Complaint, and because the Complaint was dismissed, in part, on the basis that it contains merely conclusory allegations, we will summarize its contents.

Defendants are the Commissioner of the Tennessee Department of Correction ("TDOC") and other officials of TDOC, including the Adult Services Assistant Commissioner, the Warden at Brushy Mountain, the Grievance Chairperson and Alternate Grievance Chairpersons at Brushy Mountain, the Unit Manager, and the Correctional Clerical Officer at the prison. The amount of civil damages sought is $75,000.00.

Plaintiff avers that "on December 12, 1992, and for many years prior thereto," he participated in good faith in the Inmate Grievance Procedure ("IGP"). Plaintiff also alleges he is engaged in ongoing federal suit(s) against "numerous prison personnel," and that the Defendants owed him a duty to "use due and proper care that the Plaintiff would be safe, secure and free from retaliation and reprisal for said good faith participation." He alleges that Defendants had specific duties under the IGP, which he enumerated as items (A) through (E), including hearing emergency grievances first, avoiding reprisals against grievants, independently reviewing dispositions, investigating grievances, considering grievances fairly and impartially and evaluating the IGP.

Plaintiff next avers that Defendants "wholly contrived to maliciously and vindictively deprive the Plaintiff of his right to equal protection of the laws and impeded the due course of

---

[1] T.C.A. § 41-21-801, *et seq.,* **Lawsuits by Inmates,** was enacted in 1996 and therefore does not apply in this case.

justice, in violation of Tenn. Code Ann. §§ 4-21-102(b) and 4-21-202; Tenn. Code Ann. §§ 4-21-701 and 39-17-309; as a direct and proximate result of the Plaintiff's ongoing litigation . . . ."

Plaintiff next itemizes the wrongs he alleges he has suffered, which we quote:

A.      threats, by prison personnel to take action known to be unlawful against the plaintiff;

B.      beatings, by prison personnel;

C.      denial of exercise;

D.      threats, to injure the Plaintiff with the intent to unlawfully intimidate the Plaintiff from free exercise of his right of access to the Courts;

E.      denial of person [sic] hygiene;

F.      harassment, by prison personnel,

G.      Physical and mental harm, by prison personnel; using false charges to get conviction, intentional infliction of emotional distress, malicious process and prosecution;

H.      trumped up misbehavior reports against which Plaintiff was given little or no opportunity to defend;

I.      systematic denial of grievances at both the facility and Departmental level;

J.      denial of grievances without an investigation even when Plaintiff provided the names of inmates and staff witnesses; and video tapings;

K.      Permitted to put aside the rule of law and to deal with the Plaintiff as a sworn enemy;

L.      denial of Consideration of release from lock up;

M.      denying Grievances in retaliation for the Plaintiff's litigation; and, Covering up Complaints by withholding documentary evidence submitted by the Plaintiff in support of his Complaints;

N.      Causing the Plaintiff to inadequately support his claims in Federal Court, by withholding documentary evidence attached to said Claims; and by

O.      Cleverly recording incomplete or inconsistent testimony; all of which is in violation of Tenn. Code. Ann. § § 41-1-103(a) and 41-1-102(c) and 41-21-507(c) and 41-1-104(b); and 41-21-201.

Next, Plaintiff complains that Defendants denied him the right to respond in his grievances by "submitting a clarification of the issues and/or reaction/rebuttal to the warden/designee's response...." He further complains that the Defendants "refused to present competent, relevant, material and available and known evidence of official misconduct...." He complains that Defendants' conduct of the IGP was "inept, arbitrary and capricious," that Defendants refused to properly investigate the incidents, systematically rejected his emergency grievances, and in so doing, the Defendants "wrongfully, continuously and wickedly subjected [him] to malicious harassment, in violation of Tenn. Code. Ann. §§ 41-21-701 and 39-17-309; and 41-21-201."

Plaintiff specifically avers that:

[o]n or about the 17th day of March 1993, Plaintiff appeared before

-3-

the Grievance Committee. Following the return of an appealed grievance (i.e., Grievance No. 6107), Plaintiff informed defendant Harvey that he would file, pursuant to TDOC Policy #501.01 and TDOC Inmate Grievance Procedure, a rebuttal to the warden's response to said Grievance (according to the aforesaid policy and procedure, which states in relevant part that, within 5 calendar days of receiving the warden's response, the Chairperson "will allow the grievant to review the grievance materials and responses. A grievant may appeal the level 2/response within 5 calendar days of his/her receipt of that response. The grievance and or respondent may attach a clarification of the issues and/or any reaction/rebuttal to the warden's designee's response.). Plaintiff alleges that on the date aforesaid, the 17th day of February, 1993, the defendant Harvey denied plaintiff the aforesaid right-acting wickedly and malignantly, intending to injury Plaintiff - unlawfully and feloniously had several officers then utilize - excessive force to remove the Plaintiff's complaint from his hands. As a direct and proximate result of the aforesaid excessive force to remove the Plaintiff's Complaint, defendant Harvey, and several other officers, bend and twisted the Plaintiff's fingers, taking his Complaint by force and causing Plaintiff to suffer severe Physical and emotional pain for approximately three weeks; the Plaintiff suffered severe, painful and permanent injuries to his fingers and right arm, including the nerves, muscles, and ligaments thereof, in violation of Tenn. Code. Ann. § § 39-17-309 and 4-21-701.

Finally, Plaintiff avers that "the aforesaid combination and conspiracy has consisted of a continuing agreement, understanding and concert of action for the purpose of frustrating the Plaintiff's efforts to prosecute pending lawsuits against state prison officials; to hinder his efforts of accumulating evidence of official misconduct, and to frustrate the Plaintiff's efforts to expose said combination and conspiracy by eliminating proof of the same." He avers that acts included in the conspiracy include failure to investigate when names of witnesses are available, fabricating incidents to discredit him, including 24 misconduct reports in one year, subjecting him to mental anguish, physical pain, threats, beatings, denial of exercise and fresh air, electrical shockings, using counselor's notes against him, cleverly recording incomplete or inconsistent testimony and withholding documentary evidence attached to grievances.

The Attorney General filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. 41.02 on behalf of the Defendants, which asked that a portion of the Complaint be dismissed as failing to state a claim upon which relief could be granted and the remaining portion be dismissed as duplicative of a pending U.S. District Court action, *Washshukru Al-Jabbar A'la v. Sam Harvey, et al.,* United States District Court Eastern District of Tennessee Case No. 3-93-0303, styled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983."

Plaintiff responded to Defendants' Motion to Dismiss, arguing first that the IGP used explicit mandatory language which limited the discretion of prison officials in conducting the IGP. He cited several U.S. District Court cases[2] for the proposition that the IGP "creates a protected liberty interest or limits the defendants' discretion by imposing a specified prerequisite to the forfeiture of benefits or favorable living conditions enjoyed by the plaintiff in the case at hand." He also responded that his Complaint "cites specific state statutes and policies alleged to have been violated, as required by Rule 8.05(1), Tenn. R. Civ. P." He recited what he says are parts of the IGP manual which provide that, for example, "every inmate shall have the right to utilize the grievance procedure without fear of reprisal . . . all grievances shall be considered in a fair and impartial manner." He then argued that:

> Notably, the defendants do not argue that TDOC Policy #501.01 does not contain the use of explicit mandatory language, instead they argue that the defendants' failure to follow its grievance procedures does not give rise to a " § 1983 claim." Plaintiff respectfully submit that the TDOC Inmate Grievance Procedure contain the use of explicit mandatory language and create a protected liberty interest protected by the Due Process Clause, that there is a cause of action under Tennessee law, and that the defendants' argument is without merit and should be denied.

Plaintiff responded to Defendants' assertion that the allegations in his Complaint are conclusory that "[s]urely the above pleadings answer the defendants' three (3) questions (i.e., where these actions occurred; when they occurred; and which of the defendants were involved). As stated above, the grievance were heard at BMSP, during the month of December 1992 through September of 1993 by defendants Harvey, Williams and Wallace." Plaintiff then argued that he was not obligated to supply copies of the grievances with his Complaint, since those documents are "in the possession of the adverse party and this fact is stated in the pleading. Rule 10.03(1) and (2), Tenn. R. Civ. P. The grievances filed are in the possession of the defendants."

Finally, Plaintiff responded to Defendant's assertion that one of the alleged causes of action, relating to Grievance No. 6107, is duplicative of a pending U.S. District Court suit. Plaintiff argued that the federal civil rights suit was distinguishable from this State suit because in this suit,

> at most, Plaintiff has only set forth an incident, occurring on February 17, 1993, as an model or pattern of conduct in handling the plaintiff's grievances . . . in any event, Tenn. Code Ann. § § 4-21-701 and 4-21-702 states in relevant part that: 'The remedy for malicious harassment provided in this part shall be in addition to, and shall not preclude

---

[2]*Spencer v. Moore,* 638 F.Supp. 315 (E.D. Mo. 1986) and *"Franklin, supra,* 795 F.2d at 1260, *citing Bills v. Henderson,* 631 F.2d at 1293."

victims from seeking, other remedies, criminal or civil, otherwise available under the law.'

On September 29, 1994, the Trial Court ordered that the case be held in abeyance and passed from term to term until Plaintiff was released and available to present his case. On May 12, 1999, the Attorney General filed a Renewed Motion to Dismiss on the same bases as the prior motion, accompanied by a Memorandum in Support of Renewed Motion to Dismiss which closely tracks the earlier Memorandum in support of the Motion. Plaintiff filed a Memorandum In Opposition to Defendants' Renewed Motion to Dismiss which closely tracks his earlier Response, and which was accompanied by 115 pages of copies of documents which Plaintiff referred to as "Collective Exhibit A" and "Collective Exhibit B."[3]

On September 27, 1999, the Trial Court granted Defendants' Renewed Motion and dismissed Plaintiff's Complaint. The Trial Court held that (1) the doctrine of *res judicata* prevents Plaintiff's suit on one of his alleged claims because judgment on that claim has been entered in the United States District Court for the Eastern District of Tennessee; (2) all of Plaintiff's allegations are conclusory except for that one resolved in Federal Court, and, therefore, do not state a claim upon which relief can be granted; and (3) with respect to Plaintiff's procedural due process claim, Plaintiff does not have a liberty interest in the Tennessee Department of Correction Inmate Grievance Policy, and, therefore, that allegation fails to state a claim upon which relief can be granted.

### Discussion

Our Supreme Court has described the standard of review of the Trial Court's granting of a Motion to Dismiss under Rule 12.02 as follows:

> A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law. In ruling upon a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true. The motion to dismiss should be denied unless it appears that the plaintiff can

---

[3] These copies, some legible, some not, appear to be copies of grievance documents involving Plaintiff. Six of the 17 grievances about which Plaintiff complains are not represented in this 115 pages. Six of the 17 grievances *are* represented here, but the copies show clearly that the grievances are moot because the matter was resolved before or soon after the grievances were filed. Grievance #6107 is included and describes the same incident that is the subject of U.S. Dist. Ct. No. suit #93-0303. It appears that four grievances, at most, (#6231, 6234, 6242 and 6399) were listed in Plaintiff's complaint and are also part of this "Collective Exhibit A and B." Also included in this collection are copies of numerous other grievances never mentioned in the Plaintiff's Complaint.

-6-

prove no set of facts in support of her claim that would entitle her to relief. In considering this appeal from the trial court's grant of the defendants' motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); (Citations omitted).

*Bell v. Icard,* 986 S.W.2d 550, 554 (Tenn. 1999).

As stated, the Trial Court dismissed Plaintiff's Complaint on three bases. Construing Plaintiff's appellate brief as liberally as possible, we consider it to be arguing against all three of the these rationales, which we will address in turn.

First, the Trial Court found that final judgment had been entered in *Washshukru Al-Jabbar A'la v. Sam Harvey, et al.,* United States District Court, Eastern District of Tennessee, Case No. 3-93-0303, which concluded Plaintiff's claims with regard to Defendant Sam Harvey and the February 17, 1993 incident. The Trial Court then held that the doctrine of *res judicata* prevents a subsequent suit between the same parties and their privies on the same cause of action. Plaintiff described the "February 17, 1993 incident" as Grievance No. 6107.

The doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. *Hampton v. Tennessee Truck Sales, Inc.,* 993 S.W.2d 643, 645 (Tenn. Ct. App. 1999). Plaintiff filed suit in U.S. District Court against Sam Harvey and others alleging the same wrongs from the same incident as he complained of in this suit when he listed Grievance #6107. Thus, the final judgment entered by the United States District Court in *Washshukru Al-Jabbar A'la v. Sam Harvey, et al.,* No. 3-93-0303, concluded any claim on Grievance #6107, and the Trial Court properly dismissed that claim on *res judicata* grounds.

Second, the Trial Court found that "although plaintiff sets forth numerous ways that the defendants retaliated against him, he never gives any specific instances of where these incidents occurred, when they occurred, or which of the defendants were involved." The Trial Court then held that "thus, all of plaintiff's allegations are conclusory, with the exception of one specific allegation in regard to the February 17, 1993 incident which is barred by res judicata." The Trial Court opined "that a complaint is not sufficient to state a cause of action under 42 U.S.C. § 1983 if its allegations are conclusory," citing *Smith v. Rose,* 760 F.2d 102 (6th Cir. 1985).

Plaintiff's Complaint, lengthy as it is, fails to aver any specific facts involving any specific grievances except the facts surrounding Grievance #6107. He alleges that the acts complained of occurred "on December 12, 1992, and for many years prior thereto." He gives no specific information about December 12, 1992. He alleges threats, but recites none. He alleges beatings, but describes none. He mentions denial of exercise, but gives no information about any specific incidents of denial. He complains of "trumped up misbehavior reports" and makes numerous other allegations which we have quoted above, but nowhere in his Complaint does he aver

-7-

any facts about any specific occurrences.  Litigants are entitled to go forward with a Complaint which contains "(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks."  Tenn. R. Civ. P. Rule 8.01.  However, "[e]very pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged."  Tenn. R. Civ. P. Rule 8.05(1).  The significance of this rule is clear in this case since Plaintiff complains, for example, of violation of  T.C.A. § 4-21-102(b) when no such statute exists, T.C.A. § 4-21-202 which sets forth the powers and duties of the Human Rights Commission, and T.C.A. § 39-17-309 which provides for criminal prosecution for civil rights intimidation.  We are faced with pure conjecture in our efforts to determine the gist of this Complaint.  A similar situation, in the context of a worker's compensation complaint, was addressed by our Supreme Court in *Smith v. Lincoln Brass Works, Inc.,* 712 S.W.2d 470 (Tenn. 1986).  That Court first recited the standard applied in *Jose v. Equifax, Inc.,* 556 S.W.2d 82 (Tenn. 1977):

> When challenged by a motion to dismiss, it was incumbent upon appellant to state with some specificity and clarity what sort of "accidental injury" was being claimed.  We do not hold as a matter of law that no such claim as is here attempted could ever be established, but we are of the opinion that nothing more than conclusions and generalities were stated here.  Tested by a motion to dismiss, the complaint failed to allege any injury by accident arising out of and in the course of employment.  Therefore, the trial judge correctly sustained the motion.

The Supreme Court then applied that standard and described the fatal weakness of the Plaintiff's Complaint against Lincoln Brass Works:

> The complaint in the instant case is similarly deficient and speaks in terms of advances or encounters and claims the employee suffered emotional injuries as a result.  There is a complete lack of specificity as to the nature of the "accidental injury" for which compensation is sought; nowhere does the complaint even minimally describe the substance and severity of the offensive conduct.

We find the Complaint in this case to have the same fatal flaw as described in *Jose v. Equifax, Inc.* and *Smith v. Lincoln Brass Works, Inc.*  Here, as in those cases, "there is a complete lack of specificity."  The Complaint, however prolix, simply fails to state facts sufficient to constitute a cognizable claim.  As stated above, numerous copies of what appear to be grievance documents attached to Plaintiff's trial brief were sent from the Trial Court to this Court with the record in this case.  These documents were not filed with the Complaint or any affidavit.  No amended Complaint was filed.  The documents have not been authenticated. Tenn. R. App. P. Rule 24  delineates the contents of the record on appeal and provides, in part:

Unless a party otherwise designates in writing, the following papers filed in the trial court shall not be included in the record:
(4) trial briefs.

The Advisory Commission Comments for the Rule include the following:

Subdivision (e). Omissions, improper inclusions, and misstatements may be remedied at any time, either pursuant to stipulation of the parties or on the motion of a party or the motion of the trial or appellate court.

Subdivision (g). . . . The ability to designate additional parts under subdivision (a) does not permit a party to augment the record by evidence entered ex parte.

We find Tenn. R. App. P. Rule 24 and the Advisory Comments particularly applicable in this case owing to the volume, confusing nature, and lack of authentication of the grievance documents appended to Plaintiff's "Memorandum in Opposition to Defendant's Renewed Motion to Dismiss" in the Trial Court. We note the Trial Court did not refer to these documents in its Order Dismissing the Complaint. As they were not evidence in the case, the Trial Court properly did not consider them.

Finally, the Trial Court held that "with respect to the plaintiff's claim that his procedural due process rights have been violated, the court finds that plaintiff does not have a liberty interest in the TDOC's grievance policy," citing *Spencer v. Moore,* 638 F.Supp. 315 (E.D. Mo. 1986) and cases therein. Plaintiff's Complaint contains the following reference which the Trial Court evidently considered as a due process claim, since it is the only mention of due process:

Defendants' preparation, investigation and handling of the Plaintiff's grievances were so inept, arbitrary and capricious, denying the Plaintiff a fair hearing on the merits, and denial of due process because of said Defendants' refusal to properly investigate the incidents in which Plaintiff was ill-treated and was issued disciplinary tickets after filing said inmate Grievance. Plaintiff avers that the TDOC expressly provided a procedure by which Plaintiff's emergency grievances could be reviewed; defendant Bradley and Dodson had knowledge that Plaintiff was the subject of retaliation and willful violations of Tennessee laws were being violated; the said defendants refused to order defendants Harvey, Williams and Wallace to investigate the Plaintiff's version of facts. Instead of adhering to the well established policy statement, of referring emergency grievances such as those of the Plaintiff's for an investigation by defendant Monroe, they were systematically rejected by said defendants because of the Plaintiff's active participation in said IGP;

constituting arbitrary, discriminatory, and bad faith conduct on the part of defendants; and as a result of this treatment of Plaintiff, during the course of the aforesaid grievance hearings the Plaintiff has been wrongfully, continuously and wickedly subjected to malicious harassment, in violation of Tenn. Code Ann. §§ 4-21-701 and 39-17-309; and § 41-21-201.

Although Plaintiff cites statutes which have nothing to do with due process, we again construe the Complaint as liberally as possible and presume that his use of the term "denial of due process" in the context of the above-quoted paragraph is an attempt to assert a constitutional due process claim. This issue has most recently been addressed by the United States District Court for the Western District of Tennessee:

There is no constitutional right to file prison grievances. Rather, the Sixth Circuit has previously held that the right of access to the courts requires affirmative assistance for inmates "only in the preparation of legal papers in cases involving constitutional rights and other civil rights actions related to their incarceration."

*   *   *

Much less is there any right to a particular result from prison grievance proceedings. In essence, plaintiff complains primarily because TDOC [and other prison] officials have repeatedly adopted an interpretation of their grievance procedure regulations that differs from his interpretation. Even if plaintiff is correct, however, he simply has no claim. Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation. There is no right to a particular type of process in the handling of prison grievances. As with disciplinary proceedings, "there is a fundamental logical flaw in viewing the process as a substantive end in itself."

*Rienholtz v. Campbell,* 64 F.Supp.2d 721, 730-731 (E.D.Tenn. 1999) [citations omitted]. The holding of the U. S. District Court in *Rienholtz* is consistent with our Supreme Court's view of the broad powers of the TDOC in managing disciplinary problems. As that Court has stated:

The legislature has provided the TDOC considerable deference and broad discretionary powers to enable the TDOC to manage its tremendous responsibilities. This broad grant of legislative discretion necessarily includes the power to establish policies and procedures for handling disciplinary matters . . . . The TDOC's Uniform Disciplinary Procedures are internal operating procedures detailing how

-10-

disciplinary charges shall be levied and processed against inmates committing disciplinary infractions. The policies have been carefully tailored to outline an accused's rights and to provide a fair and impartial tribunal constructed of members intimately familiar with the prison setting. We hold that the pertinent statutes when read *in pari materia* evidence a legislative intent to grant considerable deference to those best suited and most familiar with the prison setting when constructing inmate disciplinary policies and procedures.

*Mandela v. Campbell,* 978 S.W.2d 531, 534-535 (Tenn. 1998). Accordingly, we find the Trial Court was correct in holding that the Inmate Grievance Procedure does not provide a basis for Plaintiff to assert a civil rights claim for violation of his due process rights.

## Conclusion

The judgment of the Trial Court is affirmed. Costs on appeal are assessed against Appellant, Washshukru Al-Jabbar A'La.