Amos WILSON, Plaintiff,

v.

John R. VANNATTA, Tom Sherron, Chris Johnson, Linda Vannatta, Jo Mcneill, Howard Green, Sally Stevenson, Patty Lemning, James Ebey, Dana Hewitt, Donald Matthews, Dustin McCord, Donna Reed, David A. Bailey, William Schoettmer, William Liddell, Kemp Jones, Kelly Mendenhall, Ryan Riedean, Michael Valadez, Evelyn R. Turner, Michael Biddle, and Kathy Jacque, Defendants.

No. 3:03–CV–0389 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 30, 2003.

Amos Wilson, Westville, IN, for Plaintiff.

## *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

Amos Wilson, a prisoner confined in the Maximum Control Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction officials violated of his federally protected rights while he was housed at the Miami Correctional Facility ("MCF"). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000).

A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

■ Mr. Wilson seeks damages and injunctive relief. His injunctive relief claims, however, are moot because he has been transferred from the Miami Correctional Facility to the Maximum Control Facility. If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996), *quoting Moore v. Thieret,* 862 F.2d 148, 150 (7th Cir.1988).

Mr. Wilson brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

## I. EXCESSIVE USE OF FORCE

■ In count III of his complaint, Mr. Wilson alleges that Correctional Officers William Liddell, David Bailey, William Schoettmer, Kelly Mendenhall, and Michael Valdez violated the Eighth Amendment's prohibition against cruel and unusual punishments by using excessive and unnecessary force against him or in failing to intervene to prevent the improper misuse of force. Mr. Wilson bases this claim on the factual allegations presented in paragraphs 38 through 45, paragraphs 69 through 72, and paragraphs 80 and 87 of his complaint. In paragraph 56, he also alleges that Correctional Sergeant Michael Biddle "would tell the defendant[s] Schoettmer and Riendeau to assault me."

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Giving Mr. Wilson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim against these defendants under the standards set forth in *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

In count IV of his complaint, Mr. Wilson asserts that defendants Liddell, Bailey, Schoettmer, Mendenhall, and Valdez's excessive use of force constituted the tort of assault and battery under Indiana law. Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy." The court will permit Mr. Wilson to pursue his state law tort claims against these defendants to the extent that he meets the procedural prerequisites established by state statute to bring such claims against them.

## II. SUPERVISORY RESPONSIBILITY

■ In Counts I and II of his complaint, Mr. Wilson alleges that John VanNatta,

Chris Johnson, Sally Stevenson, Patty Lemning, Dana Hewitt, Jo McNeill, Tom Sherron, Michael Biddle, Evelyn Turner and Kathy Jacque violated his federally protected rights by failing to properly train or supervise their subordinates who used excessive force on him. Mr. Wilson bases this claim on the factual allegations presented in paragraphs 34 through 37.

> The doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir.2001) (citations and quotation marks omitted). Except for defendant Biddle, who the court addressed in Section I of this memorandum, Mr. Wilson does not allege that any of these defendants were personally involved in the excessive use of force against him.

### III. CONDITIONS OF CONFINEMENT

 Although not specifically addressed in any of his enumerated causes of action, Mr. Wilson alleges in the body of

his complaint that several prison officials subjected him to conditions that amounted to cruel and unusual punishment. In factual paragraph 55, Mr. Wilson alleges that Dr. K. Brooks prescribed a pain reliever and muscle relaxer and physical therapy for his medical problems, but that defendant VanNatta canceled this treatment "saying they could not afford the cost."[1] In medical cases, the Eighth Amendment test described in *Farmer v. Brennan,* and *Wilson v. Seiter* is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997).

Fed.R.Civ.P. 8 establishes a system of notice pleading, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Giving Mr. Wilson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent

---

1. Mr. Wilson names MCF Superintendent John VanNatta and Indiana Department of Correction central office official Linda Van-Natta as defendants. He does not assert which VanNatta took him off of his medi-

cation. For the purposes of this memorandum, the court will assume Supt. VanNatta was the person who he alleges deprived him of medical treatment. Mr. Wilson should notify the court if he asserts otherwise.

with his claim against defendant VanNatta under the standards set forth in *Estelle v. Gamble.*

■ In paragraphs 62, 64, 65, 66, and 67 of his complaint, Mr. Wilson alleges that the lockup unit staff, including Officers Liddell, Smith,[2] and Bailey deprived him of food and recreation. According to Mr. Wilson, they gave him "rotten food," reduced his ration every day, and gave him trays with food missing. In paragraph 80, Mr. Wilson alleges that these defendants' actions caused him to lose twenty-five pounds and caused him "pain in my stomach, and headache[s]." Giving Mr. Wilson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that defendants Liddell and Bailey violated the Eighth Amendment by depriving him of food and exercise.

### IV. DENIAL OF DUE PROCESS IN DISCIPLINARY PROCEEDINGS

In counts V and VI of his complaint, Mr. Wilson alleges that Disciplinary Hearing Officer Donald Matthews and Screening Officer Dustin McCord violated his due process rights by denying him due process at disciplinary hearings and that John VanNatta and Charles Penfold violated his due process rights in affirming findings of guilt. He alleges that other defendants, including Sergeant Ryan Riendeau and Officer Smith filed false disciplinary charges against him. Mr. Wilson does not assert that any of these findings of guilt have been set aside. These claims are based on paragraphs 48, 50 through 54, 57 through 61, 76 through 79, and 81 through 83.

■ Mr. Wilson states that he lost good time credits as a result of disciplinary proceedings in which officials denied him due

process. Indiana prisoners have a protected liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits. *Montgomery v. Anderson,* 262 F.3d 641, 645 (7th Cir.2001). The due process required in a prison disciplinary hearing where a prisoner loses good time credits is set forth in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ Section 1983 provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d at 1232. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), citing *Preiser v. Rodriguez,* 411 U.S. 475, 488–490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Because loss of earned credit time or demotion in credit time earning classification increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth,* 909 F.2d 1057, 1058 (7th Cir.1990).

■ Mr. Wilson may only seek damages in this action. But his damage claims are barred at this point by *Heck v. Humphrey,* 512 U.S. at 486–87, 114 S.Ct. 2364, which provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of

---

**2.** Mr. Wilson does not name Officer Smith as a defendant in the portion of his complaint entitled "Parties," and he does not submit materials to serve Officer Smith with process.

invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The *Heck* doctrine applies to prison disciplinary hearings where the plaintiff lost good time credits or was demoted in credit time earning classification. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

To award damages to Mr. Wilson on allegations that some defendants wrote false conduct reports against him and that others violated his due process rights during disciplinary hearings would require a finding that the disciplinary boards' finding of guilt was invalid. Because the relief Mr. Wilson requests would render the disciplinary boards' finding of guilt invalid, these portions of his § 1983 complaint are premature.

Mr. Wilson suggests that custody staff members wrote retaliatory conduct reports against him. But *Heck v. Humphrey* and *Edwards v. Balisok* preclude any retaliation claim at this time. If this court found that correctional officers retaliated against Mr. Wilson by writing false conduct reports, it would invalidate the disciplinary board's finding of guilt. *Jackson–El v. Winsor*, 986 F.Supp. 440, 444 (E.D.Mich. 1997) (A finding by a federal court that an officer planted a knife in a prisoner's room and falsified the misconduct ticket in retaliation for engaging in protected First Amendment activities "would necessarily imply the validity of the hearing officer's determination that plaintiff did in fact possess the knife").

■ Mr. Wilson also states that he was placed in disciplinary segregation and lost privileges as a result of disciplinary hearings. But a convicted prisoner is entitled to due process before being sanctioned only where the sanction imposed on him by a prison disciplinary committee amounts to an "atypical or significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "Discipline by prison officials in response to a wide range of conduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485, 115 S.Ct. 2293. Only dramatic departures from the basic conditions of a prisoner's sentence create circumstances "in which a state might conceivably create a liberty interest." *Id.* at 486, 115 S.Ct. 2293.

■ Placement in segregation or loss of privileges do not constitute a dramatic departure from the basic conditions of a convicted prisoner's sentence or an atypical or significant hardship triggering the due process clause. In *Sandin*, the Supreme Court found that transferring a prisoner from the general population to segregation for thirty days "did not work a major disruption in his environment," *Id.* at 486, 115 S.Ct. 2293, and therefore did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.

## V. GRIEVANCES

In count VII of his complaint, Mr. Wilson alleges that defendant Linda VanNatta maliciously denied all of his grievances, thus inflicting cruel and unusual punishment on him in violation of the Constitution's Eighth Amendment. Mr. Wilson bases this claim on rhetorical paragraph 80 from his statement of facts.

■ Linda VanNatta is an Indiana Department of Correction official who reviews inmate appeals from MCF inmates whose grievances have been denied. She has no personal involvement in the incidents in which Mr. Wilson alleges his Eighth Amendment rights were violated.

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman,* 803 F.2d 269, 273 (7th Cir.1986); *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983). The doctrine of *respondeat superior,* under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions *Chavez v. Illinois State Police,* 251 F.3d 612, 651.

In count VIII of his complaint, Mr. Wilson alleges that defendants Ebey and Reed refused to process legal material presented to them in violation of the First Constitution's Amendment. In paragraph 28 of his statement of facts, Mr. Wilson alleges that defendants Ebey and Reed failed to respond to two grievances about inadequate food and lack of condiments; in paragraph 49, he alleges that defendant Reed thwarted his attempts to exhaust his administrative remedies by refusing to send his appeals forward; and in paragraph 60, he alleges that "Defendant Reed rejected [his] timely filed grievances as untimely in order to deny Plaintiff access to court and redress of his grievances."

 The right to petition the government for redress of grievances does not guarantee a favorable response, or indeed any response, from government officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy, *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D.Ill. 1982), and the Constitution does not require a prison grievance system. *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo. 1986). The Fourteenth Amendment does not protect State-created inmate grievance procedures, and alleged violations of these grievance procedures do not state a claim under § 1983. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.), *cert. denied,* 488 U.S.

898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); *Azeez v. DeRobertis,* 568 F.Supp. at 8.

 The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to provide that prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Pursuant to § 1997e(a), a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 537 (7th Cir.1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir.2002), *quoting Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

In theory, "requiring administrative review does not foreclose a prisoner's ability to file suit, it merely creates a necessary precondition. The requirement is not designed to stop prisoners from filing suit, but rather to facilitate the litigation process." *Smith v. Zachary,* 255 F.3d 446 (7th Cir.2001). In practice, however, a prison official could decide that he could prevent inmates from ever filing civil actions in federal court by frustrating their attempts to file and appeal grievances. This court would not be amused by such actions.

 Mr. Wilson does not allege that he has actually been prevented from filing a civil action because MCF officials frustrated his attempts to file and pursue grievances. The complaint suggests that the grievances he believes were frustrated deal with claims presented in this complaint. Accordingly, the court will dismiss

this claim as premature. Naturally, if MCF officials prevented Mr. Wilson from filing a grievance or appealing the denial of a grievance, thereby precluding him from exhausting his administrative remedies, the defendants cannot rely on § 1997e(a) to obtain the dismissal of this complaint.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants William Liddell, David Bailey, William Schoettmer, Kelly Mendenhall, Michael Valdez, and Michael Biddle in their individual capacities for damages on the excessive use of force claim contained in his third cause of action, against defendants Liddell, Bailey, Schoettmer, Mendenhall, on the supplemental state law claims presented in count IV of the complaint to the extent the plaintiff meets the procedural prerequisites established by state statute to bring such claims, against defendant John VanNatta on his Eighth Amendment claim that defendant VanNatta denied him medical treatment for his serious medical needs, and against defendants Liddell and Bailey on his claim that they violated the Eighth Amendment by depriving him of food and exercise;

(2) **DENIES** the plaintiff leave to proceed against any other defendant or on any other claim presented in the complaint, and **DISMISSES** pursuant to 28 U.S.C. § 1915A(b), all other defendants and claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants William Liddell, David Bailey, William Schoettmer, Kelly Mendenhall, Michael Valdez, Michael Biddle, and John Van-Natta respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants William Liddell, David Bailey, William Schoettmer, Kelly Mendenhall, Michael Valdez, Michael Biddle, and John Van-Natta on the plaintiffs' behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on these defendants along with the summons and complaint.

**IT IS SO ORDERED.**