**James M. UPTHEGROVE, Plaintiff,**

v.

**Sgt. KUKA and C.O. Muhe, Defendants.**

**No. 05–C–153–C.**

United States District Court,
W.D. Wisconsin.

Jan. 12, 2006.

James M. Upthegrove, pro se.

Corey F. Finkelmeyer, Assistant Attorney General, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for injunctive and monetary relief, brought under 42 U.S.C. § 1983, plaintiff James Upthegrove contends that defendants Duane Kuka and Mark Muhe exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment when they refused to provide him with his prescribed pain medication on the afternoon of November 21, 2004.

The case is before the court on defendants' motion for summary judgment. Because plaintiff failed to exhaust his administrative remedies with respect to defendant Muhe as required by 42 U.S.C. § 1997e(a) and because plaintiff has not alleged facts showing deliberate indifference by defendant Kuka, defendant's motion will be granted.

From the parties' proposed findings of fact, I find the following to be material and undisputed.

## UNDISPUTED FACTS

### A. *Parties*

Plaintiff has been incarcerated that the Jackson Correctional Institution in Black River Falls, Wisconsin since October 14, 2003.

Defendant Duane Kuka has been employed by the Wisconsin Department of Corrections as a correctional sergeant at the Jackson Correctional Institution since 2000. As a sergeant, defendant Kuka is responsible for maintaining the safety and security of the institution. His duties include providing general supervision and direction to unit staff, performing general tasks within the various housing units and reporting to supervisors and disciplinary committees regarding inmates and incidents occurring within the institution. As a sergeant, he is required to follow all institutional policies and procedures.

Defendant Mark Muhe has been employed by the Wisconsin Department of Corrections as a correctional officer at the Jackson Correctional Institution since November 2002. As a correctional officer, defendant Muhe is responsible for maintaining the safety and security of the institution. His duties include communicating with and supervising inmates, escorting inmates within the institution and distributing medication to inmates in accordance with institutional procedures.

### B. *November 21, 2004*

Plaintiff suffers from back pain. On November 21, 2004, he had a prescription from Dr. Fern Springs for 10 mg of methadone, to be administered three times daily; in the morning, at noon and at night.[1] (This was an increase in the dose of methadone plaintiff had received previously. His prescription had been increased because his pain had become more severe.) Shortly before 1:00 p.m. that day, plaintiff was in severe pain and in need of his medication. Jackson Correctional Institution Procedures require all inmates who receive controlled medications to report for the distribution of their medications at the appropriate time. When the prisoners lined up to receive their afternoon medications, plaintiff was the first in line. At the time the line formed, defendant Kuka was on duty in the unit in which plaintiff was housed. Defendant Kuka saw plaintiff standing in line waiting to receive his medication.

Just before 1:00 p.m., defendant Muhe was instructed to relieve defendant Kuka, so Kuka could escort an inmate on an emergency medical trip to the Black River Memorial Hospital. When defendant Muhe relieved defendant Kuka shortly thereafter, he noticed plaintiff standing near the officer's station along with several other inmates. As defendant Muhe entered the room, the inmates moved away from the officer's station awaiting the staff change. (For security reasons, inmates are not allowed near the officer's station during shift change or relief duty because officers discuss confidential information at these times.) After the staff change, in-

---

1. Plaintiff proposed as fact, and defendant did not dispute, that the prescription took effect November 21, 2005. I will assume that both parties intended the date to be November 21, 2004, the day on which the events giving rise to this lawsuit occurred.

mates waiting for medications re-formed their line. However, plaintiff did not join the line or request medication from defendant Muhe. Had he done so, defendant Muhe would have given plaintiff his medication.

### C. Inmate Complaints

On November 22, 2004, plaintiff filed inmate complaint number JCI–2004–36605, alleging that defendant Kuka had failed to give him methadone on November 21, 2004. Plaintiff appealed the dismissal of his complaint through all levels of the inmate complaint system. Plaintiff never filed an inmate complaint against defendant Muhe.

### DISCUSSION

#### A. Defendant Muhe

■ 42 U.S.C. § 1997e(a) provides that: "no action shall be brought with respect to prison conditions under 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Court of Appeals for the Seventh Circuit has held that "a suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits." *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir.1999) (emphasis added). Wisconsin Admin. Code § DOC 310.04 sets out the procedure for exhaustion of claims involving prison conditions: "[B]efore an inmate may commence a civil action ... the inmate shall file a complaint under s. DOC 310.09 or 310.10, receive a decision on the complaint under s. DOC 310.12, have an adverse decision reviewed under s. DOC 310.13, and be advised of the secretary's decision under s. DOC 310.14."

The parties agree that plaintiff filed no inmate complaint against defendant Muhe for failing to provide plaintiff with his med-

ication on November 21, 2004. In the order granting him leave to proceed, I warned that:

> Respondents may raise the argument that petitioner failed to exhaust his administrative remedies as to respondent Muhe, because it does not appear that petitioner ever complained about Muhe.

*Upthegrove v. Kuka,* 05–C–153–C, Order dated Apr. 8, 2005, dkt. # 4, at 6. Defendants have raised their affirmative defense and plaintiff concedes the failure is fatal. Because prison records show that plaintiff did not file any administrative complaint with respect to defendant Muhe, this court cannot entertain the merits of plaintiff's claim against defendant Muhe. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir.2004).

#### B. Defendant Kuka

##### 1. Deliberate indifference

■ [T]he Eighth Amendment requires the government " 'to provide medical care for those whom it is punishing by incarceration.' " *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to succeed on a claim of deliberate indifference, a plaintiff must establish facts from which it can be inferred that he had a serious medical need (objective component) and that prison officials were deliberately indifferent to this need (subjective component). *Id.* at 104, 97 S.Ct. 285; *see also Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997). The Court of Appeals for the Seventh Circuit has held that "serious medical needs" are not only conditions that are life threatening or that carry risks of permanent, serious impairment if left untreated, but also those in which the withholding of medical care results in needless pain and suffering. *Gutierrez,* 111 F.3d at 1371.

It is undisputed that plaintiff was in severe pain on the afternoon of November 21, 2004, that he had a valid prescription for pain medication and that his medication was supposed to be given to him at approximately 1:00 p.m. Therefore, plaintiff had a serious medical need.

■ At issue is whether defendant Kuka exhibited deliberate indifference to plaintiff's need for medication when he allegedly refused to dispense plaintiff's afternoon dose of methadone on November 21, 2004. Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference in the denial or delay of medical care can be shown by a defendant's actual intent or reckless disregard. Reckless disregard is highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985).

■ Although plaintiff disputes defendant Kuka's assertion that Kuka directed plaintiff to request medication from defendant Muhe, the following facts are undisputed: Defendant Kuka was called away from dispensing medication to tend to another inmate's medical emergency. After defendant Muhe replaced Kuka as the officer on duty, he distributed medications to inmates who returned to the medication line. Plaintiff did not return to the line to receive his medication. Of greatest importance, plaintiff does not dispute that if he had joined the line and requested his medication, defendant Muhe would have given it to him.

From these facts no reasonable jury could infer that defendant Kuka drew the inference that he was exposing plaintiff to a substantial risk of serious harm by not dispensing plaintiff's medication before tending to a prison emergency. Moreover, any harm sustained by plaintiff in the minutes between defendant Kuka's denial and defendant Muhe's distribution of medication would have been *de minimis* if plaintiff had joined the medication line after defendant Kuka's departure. Plaintiff made no attempt to obtain his medication from defendant Muhe—an odd omission, given the severe pain he was allegedly experiencing. Any pain plaintiff suffered as a result of missing his afternoon medicine was a result of his own choice, not the result of defendant Kuka's action. Because plaintiff has not alleged facts from which it could be inferred that defendant Kuka acted with deliberate indifference by denying medication to plaintiff on November 21, 2004, defendants' motion for summary judgment will be granted.

### ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.