**Eric D. SMITH, Appellant–Plaintiff,**

v.

**Jill MATTHEWS and Linda Vannatta, Appellees–Defendants.**

No. 33A04–0903–CV–155.

Court of Appeals of Indiana.

June 17, 2009.

Rehearing Denied Aug. 14, 2009.

———

Eric D. Smith, New Castle, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

ROBB, Judge.

*Case Summary and Issues*

Eric Smith, an inmate at the New Castle Correctional Facility appeals pro se from the trial court's order granting summary judgment in favor of Jill Matthews and judgment on the pleadings in favor of L.A. Vannatta. For our review, Smith raises two issues, which we restate as: 1) whether the trial court erred when it granted summary judgment in favor of Matthews;

and 2) whether the trial court erred when it granted judgment on the pleadings in favor of Vannatta. Finding no error, we affirm.

## Facts and Procedural History

Smith requested various books on the subject of anarchy from the Books 4 Prisoners Crew. When the books arrived at the prison, Matthews, a worker in the mailroom, placed them in a box for review by prison officials to determine whether the materials constituted prohibited property. Another prison official, presumably K. Stevens, made the decision to confiscate the books. The books were eventually destroyed.

Smith filed a grievance first with officials at the prison and second with the Department of Correction ("DOC"). Vannatta is the final reviewing authority for offender grievances. Smith alleges that Vannatta "did not look over the confiscated items and was deliberately indifferent to [his] claims. Vannatta just simply agreed with Mathew's [sic] actions...."[1] Appellant's Appendix at 6.

On August 6, 2008, Smith filed a complaint pursuant to 42 U.S.C. section 1983 alleging violation of his constitutional rights. Specifically, Smith alleges Matthews violated his rights under the First Amendment and Vannatta violated his Fourteenth Amendment right to due process. On November 19, 2008, Smith filed a motion for summary judgment. On January 22, 2009, Matthews filed a motion for summary judgment and on February 11, 2009, Vannatta filed a motion for judgment on the pleadings. The trial court entered separate orders on March 4, 2009, granting Matthew's motion for summary judgment and Vannatta's motion for judgment on the pleadings. Smith now appeals.

## Discussion and Decision

### I. Summary judgment

■ The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Severson v. Bd. of Trs. of Purdue Univ.*, 777 N.E.2d 1181, 1188 (Ind.Ct.App.2002), *trans. denied.* Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We review summary judgment decisions using this same standard, considering only those materials designated to the trial court. *Neu v. Gibson*, 905 N.E.2d 465, 472–73 (Ind.Ct.App. 2009).

Based on the evidence designated by Smith in his complaint, Matthews is a mail room employee and does not have the authority to determine which materials received in the mail are prohibited and which are not. Rather, Matthews places any materials she suspects are prohibited into bins for review by prison investigators. Although Matthews's name appears on the form reporting the confiscation of Smith's books, it appears only as the "staff person requesting action on correspondence." Appellant's App. at 15. Matthews's signature does not appear on the form.[2]

Even if Smith's First Amendment rights were violated—and we do not mean to imply that they were—Matthews could not be liable for such a violation, because she had no authority to determine the materials were prohibited or to order their de-

---

1. Although Smith alleges Vannatta rejected his grievance, he produced no documentary evidence supporting the allegation or demonstrating exactly what action Vannatta took with regard to his grievance.

2. The signature of K. Stevens appears on the initial confiscation report form. The initials S.S. appear on a subsequent form, which includes the stamped words "Past 60 days destroyed." Appellant's App. at 15, 26.

struction. Smith has failed to designate any evidence to the contrary. As a result, there is no dispute as to any material fact and Matthews is entitled to judgment as a matter of law. Therefore, the trial court did not err when it granted summary judgment in Matthews's favor.

## II. Judgment on the Pleadings

 We review a trial court's decision to grant a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C) de novo. The test we apply is:

> whether, in the light most favorable to the non-moving party and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. In applying this test, the court may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice. We will affirm the trial court's grant of a T.R. 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein.

*Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 982 (Ind.Ct.App.2007) (citation and emphasis omitted), *trans. denied.*

Smith alleges that Vannatta violated his Fourteenth Amendment right to due process because she was deliberately indifferent to his claims. Indiana Code section 11–11–3–6 allows the DOC to prohibit an inmate from receiving a book, magazine, newspaper, or other periodical that is contraband or prohibited property. The inmate may challenge the DOC's decision through the grievance procedure. Ind. Code § 11–11–3–6(b). The United States Constitution does not require that a jail have grievance procedures, and the Fourteenth Amendment "does not protect State created inmate grievance procedures." *See Shorter v. Lawson,* 403 F.Supp.2d 703, 706 (N.D.Ind.2005). Therefore, alleged violations of grievance procedures state no claim under 42 U.S.C. section 1983. *Id.* "That a jail official ignores or denies a prisoner's grievance does not violate the Fourteenth Amendment's due process clause." *Id.* (citing *Wilson v. Vannatta,* 291 F.Supp.2d 811, 819 (N.D.Ind.2003)).[3] Therefore, even accepting all of Smith's allegations in his pleading as true, he has failed to state a claim for which 42 U.S.C. section 1983 provides a remedy. As a result, the trial court did not err when it granted judgment on the pleadings in favor of Vannarta.

### Conclusion

The trial court did not err when it granted summary judgment in favor of Matthews and judgment on the pleadings in favor of Vannarta.

Affirmed.

DARDEN, J., and BAILEY, J., concur.

---

**3.** To the extent that Smith complains he has no remedy for a wrongful deprivation of property, his claim has no merit. Indiana Code section 34–13–3–7 provides an administrative remedy for an inmate's claim for recovery of or compensation for the loss of personal property.