NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010*
Decided November 4, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-3264

| | |
|---|---|
| SCOTTIE R. EDWARDS, *Plaintiff-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:08-cv-0221-RLY-WGH |
| DANA FAUST and BARBARA SCHMIDT, *Defendants-Appellees.* | Richard L. Young, *Chief Judge.* |

**O R D E R**

Scottie Edwards, an Indiana prison inmate, claims in this action under 42 U.S.C. § 1983 that guards Dana Faust and Barbara Schmidt violated the Constitution by confiscating legal documents and other personal property, and falsely accusing him of misconduct. The district court granted summary judgment for the defendants, and Edwards appeals. We affirm the judgment.

---

*After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The following facts are undisputed. Edwards was confined at Branchville Correctional Facility, where Faust is a property officer. Her duties include inventorying and storing inmate property, confiscating excess and contraband property, and preparing inmates to enter or leave the prison. Schmidt is a guard at Branchville. In May 2006 Edwards was scheduled to appear in the Marion Superior Court for resentencing, and he was temporarily transferred from Branchville to the county jail to await that proceeding. Faust inventoried Edwards's property in preparation for the move, and she asked Schmidt to search around his bed and property box for contraband and excess property. Edwards was agitated by the search and called Schmidt a racist. She filed a conduct report accusing him of insolence, but a hearing board exonerated him.

Edwards possessed more property than would fit in his property box, so Faust was required to store the excess. She took a pair of shoes, some postage stamps, and a shirt. She also confiscated documents relating to his resentencing, including a trial transcript, medical records, and a pro se motion that Edwards was preparing to file. When he realized that his legal documents were missing, he requested and received an extension of time to file his motion from the Marion Superior Court. He later found the missing motion in his property box when he returned to Branchville, and his attorney obtained a second copy of the trial transcript for him. The other seized items were never returned.

Edwards filed an administrative claim seeking compensation from the state for his missing property, but his claim was rejected. He then commenced this lawsuit claiming, as relevant here, that he was accused of misconduct and his property was taken without due process. In granting summary judgment for Faust and Schmidt, the district court reasoned that Edwards could not establish a violation of due process because Indiana provides adequate postdeprivation remedies to compensate inmates for missing property. The court added that the loss of his legal papers, which the court construed as a claim that Edwards had been denied access to the courts, did not warrant relief because the seizure of the documents had not prejudiced any legal proceeding. The court also noted that Edwards was not deprived of any protected liberty interest as a result of the conduct report. After de novo review, *see Bodenstab v. County of Cook*, 569. F.3d 651, 656 (7th Cir. 2009), we agree with the district court's analysis.

With respect to the missing property, the parties debate whether Faust and Schmidt followed established procedures for confiscating excess property, but that dispute is irrelevant because noncompliance with state laws or regulations is not an independent basis for relief under § 1983. *See Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 784 (7th Cir. 2008). And though Edwards insists that he should have been given advance notice and a chance to contest the confiscation of his property, even an intentional and unauthorized deprivation of property does not violate the Due Process Clause so long as an adequate postdeprivation

remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002). Indiana provides an administrative remedy for inmates to recover the value of property lost during their incarceration, IND. CODE § 34-13-3-7; *Smith v. Matthews*, 907 N.E.2d 1076, 1078 n.3 (Ind. Ct. App. 2009), and inmates also have tort remedies in state court for unauthorized deprivations by prison employees, IND. CODE § 34-13-3-13; *Smith v. Ind. Dep't of Corr.*, 888 N.E.2d 804, 807-08 (Ind. Ct. App. 2008). Those remedies are adequate to satisfy due process, *see Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010), whether or not the inmate is awarded compensation for his loss, *see Hudson*, 468 U.S. at 535; *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990).

Faust says little about the district court's analysis of his claim that he was denied access to the courts. Although inmates have a constitutional right of access to the courts, that right has not been infringed unless the defendant's conduct prejudiced specific, potentially meritorious litigation. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The only legal matter mentioned by Edwards is his criminal case in the Marion Superior Court, but he was represented by a lawyer in that litigation, *see Edwards v. State*, No. 49A04-072-CR-75, 2007 WL 3053299, at *1 (Ind. Ct. App. Oct. 22, 2007), so it is questionable whether the loss of his documents could have caused a cognizable injury, *see Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007); *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999); *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991). At all events the state court gave Edwards extra time to file the pro se motion he was preparing, but delay alone is not enough to establish injury, *see Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003), and Edwards has not identified any other difficulty attributable to the loss of his documents. Edwards argues that he was injured because of the time it took to reconstruct previously completed work, but what matters is harm to specific litigation and not inconvenience to the plaintiff. *See Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323-24 (7th Cir. 1995).

We have reviewed the remaining arguments pressed by Edwards and conclude that none has merit. His allegation that Schmidt filed the misconduct charge to retaliate for complaining about the seizure of his property is made for the first time on appeal and is thus waived. *See Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010). Edwards was properly informed of the requirements of Local Rule 56.1 for responding to a motion for summary judgment. *See Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). The district court accepted his response even though it was untimely, and only struck his surreply, which was both untimely and did not respond to defendants' reply. The other points argued by Edwards require no discussion.

AFFIRMED.